**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X  **#: 1-09-51286-cec**
IN RE:                                                                   Chapter 11

    **IRINA CHATKHAN**

                                                 Debtor

--------------------------------------------------------X

## AFFIRMATION IN OPPOSITION TO LIFT THE STAY

KARAMVIR S. DAHIYA OF Dahiya Law Offices LLC  respectfully submit the following in opposition to the motion to lift the stay:

1. At the very threshold it is contended that Roman Narovlianski and Semyon Gutarts ("Movants") through their attorney Mr. J. Fox, do not have a standing to lift the stay.

2. The security interest has been rescinded under Truth in Lending Act by virtue of giving a notice via filing of adversary complaint.  See Adversary No. **1-10-01126-cec  Ex. A.**

3. They will have to prove that their security interest is valid in face of the loan rescinding adversary that has been filed with this court.

4. At best the movant is an unsecured creditors, against whom the debtor has numerous claims both under federal and state laws.

5. A counterclaim addressed to the validity of the security interest sought to be enforced may properly be made in response to a motion for relief from the stay .

6. Issues collateral that can be considered should bear directly on the issues to be decided at the stay hearing--thus, an issue may be considered if it directly bears upon the amount of the creditor's claim since this may affect adequate protection and equity issues. United Cos. Financial Corp. v Brantley, 6 B.R. at 184-85.

7. Issues like usury that would bar recovery in part or in full on the underlying debt; a total lack of consideration; unconscionable circumstances that would bar recovery on the underlying debt and lending not in conformity of law are some of the issues that have been held that bear directly on a specific debt that a creditor may seek to enforce through its lien. In re Village Import Enterprises, Inc., 126 B.R. 307, 14 U.C.C. Rep. Serv. 2d 557 (Bankr. E.D. Tenn. 1991), also published at, 15 U.C.C. Rep. Serv. 2d 224 (Bankr. E.D. Tenn. 1991) (validity and perfection of lien); In re Dino & Artie's Automatic Transmission Co., Inc., 68 B.R. 264, 268, 15 Bankr. Ct. Dec. (CRR) 314 (Bankr. S.D. N.Y. 1986) (validity of lien); In re Hickman, 34 B.R. 310, 312-13 (Bankr. W.D. Ky. 1983) (issues relating to validity of security interest should be heard); United Cos. Financial Corp. v Brantley, 6 B.R. at 185.

8. The security interest of the creditor has been rendered invalid by virtue of the filing of the adversary petition (Case No **1-10-01126-cec**) and they have been served with a copy of the same.

9. Creditor seeking relief from automatic stay and claiming interest in debtor's property bore burden of proving validity of its lien, even though issue of debtor's equity was being adjudicated within context of lift stay motion, not adversary proceeding. Bankr.Code, 11 U.S.C.A. § 362. **In re Pandeff** 201 B.R. 865 Bkrtcy.S.D.N.Y.,1996.

10. Once the debtor institutes an adversary proceeding, "the burden would be on the creditor claiming an interest in the debtor's property to prove the validity of its lien. *See H.J. Butler & Bro., Inc. v. Irving Trust Co. ( In re Friedal Corp.),* 53 F.2d 758 (2d Cir.1931) (citing *Brandt v. City of New York,* 110 A.D. 396, 97 N.Y.S. 280, *aff'd,* 186 N.Y. 599, 79 N.E. 1101 (1906))." Supra In Re Pandeff.

11. By virtue of filing of the adversary which serves as complaint the lien is rendered void.

12. Once the rescission takes place, the security interest or lien arising by operation of law on the property becomes automatically void. 15 U.S.C. §1635 (b); Reg. Z §§226.15(d)(1), 226.23 (d)(1); 69 Fed. Reg. 16, 769.

13. Upon rescission, the promissory note is voided, since it is a part of transaction. Arnold v. WDL Invs. Inc., 703 F.2d 848, 849 (5th Cir. 1983) (notes canceled along with the mortgage); Swayze v. Americquest Mortgage Co., No. 1:03 cv 733 WSD (N.D Ga Mar.9, 2004). Elsner v. Albercht, 185 Mich. App. 72, 460 N.W. 2d 232 (a990) (consumer rescind the transaction including pendent documents such as the promissory note").

14. Upon rescission, the creditor's interest in the property is automatically negated regardless of its status and whether or not it was recorded or perfected. Official Staff Commentary §§226.15 (d)(1)-1, 226.23 (d)(d)(1)-1.

15. Thus the security interest is void and of no legal effect irrespective of whether the creditor makes any affirmative response to the notice. Gill

3

      v. <u>Mid-Penn Consumer Discount Co.,</u>671 F. Supp. 1021, 1026 (E.D. Pa 1987) aff'd mem. 853 F.ed 917 (3rd Cir. 1988)

16. When debtor's defense to motion for relief from automatic stay contests validity of creditor's lien, as distinguished from amount of lien, court should entertain issue. In re <u>Dino & Artie's Automatic Transmission Co</u>., Inc. 68 B.R. 264 Bkrtcy.S.D.N.Y.,1986.

17. This court must make a preliminary determination as to whether the claim is valid. Further, if the party brining the action is the party in interest.

18. Bankruptcy judge did not abuse his discretion in denying mortgage lenders' motions for relief from automatic stay in Chapter 7 proceedings, even if debtors had no equity in properties sought to be foreclosed upon, and properties were not necessary to effective reorganizations, where bankruptcy judge was presented with evidence suggesting that loans based upon which lenders sought to foreclose on debtors' homes had been rescinded under Truth in Lending Act (TILA). 11 U.S.C.A. § 362(d); Truth in Lending Act, § 125, 15 U.S.C.A. § 1635. <u>In re Hubbel</u> --- B.R. ----, 2010 WL 1222777 N.D.Cal.,2010.

19. The creditors need to respond to the adversary to prove their claim on the property.

**Cancellation of loan, rescission notice:**

20. TILA provides that in the case of any consumer credit transaction in which a security interest will be retained on any property used as the consumer's principal dwelling, the consumer shall have the right to rescind the transaction until midnight of the third business day

following the consummation of the transaction or delivery of the material disclosure and rescission forms, whichever is later. 15 U.S.C. § 1635(a). If the creditor fails to deliver the forms, or fails to provide the required information, then the consumer's right of rescission extends for three years after the date of consummation of the transaction. 15 U.S.C. § 1635(f).

21. The Consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) or this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all the consumer's interest in the property, or upon sale of the property, whichever occurs first.12 C.F.R. § 226.23(a)(3)

22. TILA and "Regulation Z" address how a consumer is to exercise its right to rescind. TILA's implementing regulations, 12 C.F.R. §§ 226 *et seq.*, known as "Regulation Z" are promulgated by the Federal Reserve Board. *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525, 528 (7th Cir. 2007). Regulation Z provides that "to exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication." 12 C.F.R. §226.23(a)(2).

23. TILA gives a consumer the right to rescind a credit transaction simply by notifying the creditor, within a specific period of time, that she intends to do so. *See Lippner v. Deutsche Bank Nat. Trust Co.*, 544 F.Supp.2d 695, 701 (N.D. Ill. 2008) (finding that proper and timely submission of a written

rescission demand entitles borrower to the remedy of rescission under § 1635).

24. The filing of a judicial complaint is a "written communication" within the meaning of the regulation. <u>Jones v. Saxon Mortgage</u>, 1998 U.S.App. LEXIS 22101, *12 (4th Cir.1998), published opinion; accord <u>Cazares v. Household Fin. Corp.</u>, 2005 U.S. Dist. LEXIS 39222, *22-23 (C.D.Cal.2005); <u>Taylor v. Domestic Remodeling, Inc.</u>, 97 F.3d 96, 100 (5th Cir.1996); <u>Fairbanks Capital Corp. v. Jenkins</u>, 225 F.Supp.2d 910, 913-4 (N.D.Ill.2002); <u>Pulphus v. Sullivan</u>, 2003 U.S. Dist. LEXIS 7080, *50 (N.D.Ill.2003<u>); McIntosh v. Irwin Union Bank & Trust, Co.</u>, 215 F.R.D. 26, 32 (D.Mass.2003); <u>Eveland v. Star Bank, NA</u>, 976 F. Supp. 721, 726 (S.D. Ohio 1997<u>); Elliott v. ITT Corp.,</u> 764 F. Supp. 102, 106 (N.D. Ill. 1991); <u>In re Rodrigues v. U.S. Bank</u>, 278 B.R. 683, 689 (Bankr. D. R.I. 2002) (Votolato, Br. J.) ., <u>Elliott v. ITT Corp</u>., 764 F. Supp. 102, 106, R.I.C.O. Bus. Disp. Guide (CCH) ¶; 7732 (N.D. Ill. 1991); <u>Hunter v. Richmond Equity</u>, 1987 WL 109703 (N.D. Ala. 1987); <u>McKenna v. First Horizon Home Loan</u> Corp., 429 F. Supp. 2d 291 (D. Mass. 2006), decision rev'd on other grounds, 475 F.3d 418 (1st Cir. 2007); <u>Harris v. OSI Financial Services, Inc</u>., 595 F. Supp. 2d 885 (N.D. Ill. 2009) (filing and serving a complaint constitutes sufficient notice providing the complaint clearly states intent to rescind and specifically names party to whom rescission demand is addressed); <u>Pelayo v. Home Capital Funding,</u> 2009 WL 1459419 (S.D. Cal. 2009); <u>In re Dawson</u>, 2008 WL 1700419 (Bankr. D. D.C. 2008) (service of complaint is sufficient to put creditor on notice of exercise of right of rescission).

25. The filing of the complaint constitutes statutory notice of rescission pursuant to 12 C.F.R. § 226.23(a)(3). <u>Taylor v. Domestic Remodeling</u>, Inc. 97 F.3d 96 C.A.5 (Miss.),1996.

26. Plaintiffs have invoked their right to rescind the loan transaction pursuant to 15 U.S.C. §§1635 and 1639, which authorize an obligor to rescind a transaction as late as three years after it is consummated if the required disclosures are not made. *See Williams v. Homestake Mortg. Co.*, 968 F.2d 1137, 1139 n.5 (11th Cir. 1992) ("the consumer's ability to rescind an agreement may be extended for up to three years if the creditor fails to make all material disclosures required by TILA).

27. The Movant had made no disclosures in this case, there no notice of any kind, in compliance with Truth in Lending was given.

Characteristics of HOEPA loan and its application here:

28. High Cost Mortgage transactions demanding special treatment and regulatory compliance under Truth in Lending Act is mandatory if the following conditions are met:

    a. Transaction must be secured by a first or subordinate lien on the consumer's principal dwelling.  12 C.F.R. §§ 226.31, 226.32

    b. It must be one to four family residential structure, whether or not attached to real property, and may include a condominium, co-operative or mobile home. Regulation Z § 226.32 (a)(1)

    c. A transaction secured by the consumer principal dwelling ( unless exempt under Regulation Z section 226.32 (a)(2) will be subject to special requirements under either or both of the following scenarios: (1) the annual percentage rate consummation will exceed  by more than eight percentage points the yield on Treasury securities having comparable

        periods of maturity to the loan[1], as of the fifteenth day of the month immediately preceding the month in which the application was taken; or the total points and fees payable by the consumer at or before the closing will exceed the greater of 8% of the total loan amount, or a dollar amount that is adjusted annually by the Board (initially $400). Regulation Z §§ 226.32 (a)(1)(i), 226.32 (a)(1)(ii).

    d. Regulation Z, section 226.32 expands the definition of creditor for these High Cost loans by including a person who during any 12 –month period originates more than one covered transaction or makes a single covered transaction subject to section 226.32 through a broker. Regulation Z § 226.2 (a)(17)(i)(A).

29. The loan by the movant is an HOEPA loan.

30. This loan of $650,000 was structured with a lien on the residential property of the debtor. **One condition of HOEPA loan satisfied** Ex. B

31. The Interest Rate on the loan charged was more than 13.5% (to be paid 7312.50 a month for 12 months), plus a fees of $6,500 (fees for this loan) and then balloon payment of the principal of $650,000. This was a One Year loan. See the Note. Ex B

32. In the month of August, 2007 when the debtor went to Magic Land Capital LLC for getting loan, the rates for one year treasury bond (

---

[1] By referencing "comparable maturities" the law requires that the creditor evaluate the rate for treasury bonds of the same duration as the loan. For example, coverage for a five year loan will be evaluated by reference to the treasury five year bond rates.

same as the duration of this loan) was 4.31 and with plus 8% trigger it gave an amount of 12.31. Any amount with an interest of 12.31% or more will be attracting HOEPA provision, provided all other conditions are also met.  In this case the loan interest rate exceeded 12.31%. **<u>Second Condition of HOEPA satisfied</u>**.

**33.** The loan was facilitated by the mortgage broker Magic Land Capital LLC  and the lenders are the movant Roman Narovalianski and Semyon Gutarts, thus clearly creditors under the TILA (under expanded definition of HOEPA creditors). **<u>Third Condition of HOEPA satisfied.</u>**

34. This loan was provided in violation of all provisions of HOEPA  and same has been rescinded.

35. Since the rescission notice and all other material disclosures were not provided, in such circumstances, the right to rescind continues until whichever of the following events occurs first:

   a. The expiration of three years  after consumption of the transaction. 15 USC §1635 (f); Reg. Z §§ 226.15 (a)(3).

      i. Three years haven't lapsed as yet. Security obtained on September 27, 2007 (3 years expires on September, 2010).

   b. The transfer of all of the consumer's interest in the property. USC §1635 (f); Reg. Z §§ 226.15 (a)(3).

      i. The debtor still continues to occupy the property.

      c. The sale of the property. USC §1635 (f); Reg. Z §§ 226.15 (a)(3).

          i. The property hasn't been sold.

36. The loan has been rescinded properly and within the foregoing time limit.

37. Following special disclosures must be provided to a borrower in HOEPA loans and these were not provided.

      a. A prescribed warning notice regarding the transaction.   Regulation Z §§ 226.32 (c)(1).

      b. The annual percentage rate. Regulation Z §§ 226.32 (c)(2).

      c. The amount of regular periodic payment. Regulation Z §§ 226.32 (c)(3).

      d. These foregoing must be provided in addition to other disclosure that is required under Regulation Z. Regulation Z §§ 226.32 (a).

26. These aforesaid required disclosures should have been provided at least three business days prior to the consummation of the loan on September 27, 2007.   Regulation Z §226.31 (c)-1.

27. HOEPA requires an advance look disclosure stating that the consumer is not required  to complete the transaction merely because  of having signed an application or having received  the disclosures, and that the home might be lost if the consumer does not meet the obligations under

the loan.  It also gives advance disclosure of important terms  as the APR and the payment amount. TILA defines the advance look disclosure  a material ,and failure to give a copy  to each  borrower three days before closing extend the rescission right.  See Johnson v. Know fin. Group. 2004 WL 1179335, at 3 (E.D. Pa. May 26, 2004) (nondelivery of advance look disclosure extends rescission period); Williams. V. Bankone (In re Williams), 291 B.R. 636, 649-650 (Bankr. ED Pa. Apr 3, 2003). See also Bland v. Carone Famuly Trust 2007 WL 951344 (S.D. Cal. Mar. 19, 2007)(granting TRO against foreclosure where consumers alleged they did not receive advance look disclosure).

27.    The three day period between the delivery of the disclosure and the time of consummation is a cooling-off period during which the consumer may reject the transaction. Regulation Z §226.31 (c)(1)(iii).

28.    There was not even a single document, that was necessary under HOEPA given here.

## **PROPERTY VALUE EXCEEDS THE DEBT.**

28.    The debtors' home has substantial equity. The debtor has willing buyers for the property with an offer exceeding $900,000. There is enough equity in the property and further the property is necessary for the purposes of reorganization her debts and financial rehabilitation.  Ex. C

29.    The movant's mislead this court when they deliberately undervalue the property only for the sole purposes of seeking a remedy under Section 362 (d).

30  There is no security interest, it has been rescinded and further the claims of the movant is laced with fraud. See Adversary filed in this case against the movants.

Wherefore it is respectfully submitted the motion be dismissed and the movants be compelled to file answer to the adversary as filed.

Dated: June 15, 2010                               *s/ Karamvir dahiya*
New York New York                          sincerely:_____
                                                           Karamvir S. Dahiya, Esq.