UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x

Case No. 09-51286

In the Matter of

IRINIA CHATKHAN Chapter 11

Debtor

---------------------------------------X Adv. No.

IRINA CHATKHAN

Plaintiff,

Vs.

ROMAN NAROVLIANSKI

SEMYON GUTARTS

MAGIC LAND CAPITAL LLC

C/O MAGIC LAND CAPITAL LLC
3603 QUENTIN ROAD
BROOKLYN, NEW YORK 11234

Defendants.

---------------------------------------X Jury Trial Demanded.

# COMPLAINT

## I. PRELIMINARY STATEMENT

1. This is an action brought by no-income homeowner against brokers and its agents and owners, plus lender and their owners with whom she unknowingly entered into an exorbitantly priced mortgage loan. Plaintiff seek rescission and statutory damages under the Home Ownership and Equity Protection Act of 1994 (hereinafter “HOEPA”), 15 U.S.C. §§ 1602(aa) and 1639, and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. and § 1640(a) along with redress for breach of oral contract, breach of Implied Covenant of Good Faith and Fair Dealing, breach of fiduciary duty,’ Conspiracy to defraud, Intentional Misrepresentation, Violation of General Business Laws §349 of New York, Unjust Enrichment and Imposition of Constructive Trust.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court exists pursuant to 15 U.S.C. § 1640(e) as to claims under HOEPA and the Truth in Lending Act (“TILA”) and to the State and other common law remedies under *28 U.S.C. § 1367* for pendent state claims. This Court has jurisdiction to render the declaratory judgment Plaintiffs seek pursuant to 28 U.S.C. § 2201 and Federal Rules of Bankruptcy Procedure 7001.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff Irina Chatkhan (“Irina”) homeowner is a natural persons who reside at 1311 Brightwater Avenue Apt 18 I&J Brooklyn, 11235 New York .

5. Defendant Roman Narovlianski (“Roman”) is an agent, owner of Magic Land Capital LLC (“Magic”) actively involved in the business of brokering and or lending monies to consumers. Defendant Semyon Gutarts (“Semyon”), is an agent and or owner of Magic, actively involved in the business of lending monies brokering mortgage deals to consumers. Defendant Magic is a corporation which

conducts, brokers, helps consumer loan operations in New York State through its offices located at 3603 Quentin Road, Brooklyn New York 11234.

6.  At all relevant times, Magic working as a broker originated one or more HOEPA loans. And further, it regularly extended consumer credit payable by written agreement in more than four installments and for which a finance charge is imposed. Defendants, individually or collectively are creditors in HOEPA context.

## IV.  FACTUAL ALLEGATIONS

### *A. FACTS PERTAINING TO MAGIC'S SOLICITATION OF PLAINTIFF*

7.  Plaintiff is an unemployed homeowner and is totally dependant on her husband for all her needs.

8.  Plaintiffs owns a  home at 1311 Brightwater Avenue Apt 18 I&J Brooklyn, 11235 New York , which is her principal dwelling.  Until the transaction with Defendants, the home was not subject to any mortgage. The property was free and clear of any liens or encumbrances.

9.  In month of August, 2007, Plaintiff looking for  some financial help, contacted Magic, the mortgage broker and lender. There Roman and Semyon assured her that she could be granted a help and that their company could help her get a good loan to elevate her financial predicament.  Plaintiff requested them for a best possible loan so that she could easily make payments to the Coop Board and run her household and take care of her obligations and service her debt.

10. On September 27, 2007, the date of settlement, Plaintiff entered into a consumer credit transaction with Roman and Semyon being brokered by Magic in which defendants extended consumer credit which was to be paid in more than four installments and which was initially payable to defendant Roman and Semyon.

11. As part of this consumer credit transaction, Roman and Semyon acquired a security interest, namely a mortgage, in 1311 Brightwater Avenue Apt 14 I & J Brooklyn, 11235 New York., which is used as the principal dwelling of the Plaintiff.

12. As a result of this transction, the principal amount of the new loan was $650,000 and the payments were $7,312.50 per month for 12 months, with a disclosed annual percentage rate of 13.5% and an additional payment of $6500. The entire loan was to be paid back with a balloon payment of $650,000 after 12 months.

13. Plaintiffs' monthly income is zero. Their total monthly payment owing to defendants Roman and Semyor under the loan transaction is an amount in excess of her ability to pay. Accordingly, the plaintiff could not pay back the balloon payment and had to ask for extension of loan payment for one year. The extension was sought with an additional sum of $6,500. The plaintiff with the help of family member continued to make the interest only payment and was punished by the lender with late payment fees and attorneys fees.

14. Pursuant to this transaction, Plaintiff have paid Roman and Semyor a sum of $7,312.50 (interest only) each month for more than 26 months in payments and twice a sum of $6,500 for fees and more than $3,000 as attorneys fees.

***B. FACTS PERTAINING TO DISCLOSURES AND TERMS OF THE TRANSACTION***

16. The above-mentioned consumer credit transaction was a high rate mortgage within the meaning of HOEPA, 15 U.S.C. § 1602(aa)(1)(B), or in that the annual percentage rate at consummation of the transaction exceeded by more than 8 percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which Magic received Plaintiffs' credit application.

17. Upon information and belief, Magic and its owners/agents Roman and Semyon has engaged in a pattern or practice of extending credit to consumers under high rate mortgages, as defined by 15 U.S.C. § 1602(aa), based on the consumer's collateral without regard to the consumers' repayment ability, including their current and expected income, current obligations and employment, in violation of 15 U.S.C. § 1639(h).

18. Plaintiff believe and therefore aver that the defendants required or induced her to borrow substantially more money than she was seeking, and in an amount beyond their ability to repay, based primarily on Magic's evaluation of the amount of Plaintiffs' equity in their homes. Defendants illegally, maliciously and wrongfully conspired with one another with the intent to and with the purpose of inducing Plaintiff to enter into this mortgage benefit which had little or no benefit to her.The civil conspiracy resulted in damaging the plaintiff including but not limited to increased finance charges, excessive loan expenses and interest rates, loss of other credit opportunities, and other costs.

19. Because the transaction described herein met the HOEPA definition of a high rate mortgage, the transaction was subject to additional disclosure

requirements that must be provided three days in advance of the consummation of the transaction. 15 U.S.C. § 1639(b).

20. Defendants did not furnish the required HOEPA disclosures to Plaintiffs three days prior to their settlement and then it did not provide revised advance disclosures 3 days prior to settlement along with other omissions; it failed to print the warnings in conspicuous type size; it included the note rate along with the APR to detract from or overshadow the APR disclosure; it failed to disclose a balloon payment as required by Official Staff Commentary § 226.32(c)(3)-2

21. The loan extended to Plaintiffs includes abusive terms prohibited by HOEPA, including among others: prepayment penalty ($13,000.00), a balloon payment of entire sum as initially fixed to be made on October, 2008 (term of loan is less than five years), penalty interest rates upon default, negative amortization, prepayment of more than two payments from the proceeds of the loan.

22. Magic, Roman and Semyon failed to deliver all the “material” disclosures required by the Truth in Lending Act to Plaintiff in connection with this transaction. In particular, failed to: deliver all material disclosures required by the Truth in Lending Act and Regulation Z, including but not limited to a correctly completed Notice of Right to Cancel as required under 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b).

### *C. FACTS PERTAINING TO PLAINTIFFS’ RESCISSION OF THE TRANSACTION*

23. Plaintiff, is a consumer within the meaning of the TILA (15 U.S.C. § 1602(h)). The credit extended to Plaintiff by Defendants is for personal, family, or

household purposes (15 U.S.C. § 1602(h)). The credit transaction was secured by real estate, where Plaintiff resides, and is a dwelling within the meaning of 15 U.S.C. § 1640(a)(2)(A)(iii). Because of the violations of HOEPA and TILA listed above, Plaintiffs retained the right to rescind the transaction up to three years after its consummation.

24. With the institution of this complaint, Plaintiff hereby rescinds the impugned transaction.

## V. CAUSES OF ACTION

### *COUNT I--HOEPA and TILA*

25. Defendants' lending to Plaintiff based on their collateral, without regard to their repayment ability, was part of a pattern or practice of such lending and violates 15 U.S.C. § 1639(h), entitling Plaintiffs to actual and statutory damages under 15 U.S.C. § 1640(a).

29. Defendants' failure to give Plaintiff the disclosures required by HOEPA three days prior to settlement violates 15 U.S.C. § 1639(a) and (b), entitling Plaintiffs to actual and statutory damages under 15 U.S.C. § 1640(a) and extending their right to rescind the transaction until up to three years after its consummation.

30. Roman and Semyon's inclusion of the abusive terms set forth in Paragraph 21 above violates 15 U.S.C. § 1639, entitling Plaintiffs to actual and statutory damages under 15 U.S.C. § 1640(a) and extending their right to rescind the transaction until up to three years after its consummation.

31. Defendants' failure to deliver all the material disclosures required by the Truth in Lending Act to Plaintiffs in connection with the transaction violates 15

U.S.C. § 1638, entitling Plaintiffs to actual and statutory damages under 15 U.S.C. § 1640(a) and extending their right to rescind the transaction until up to three years after its consummation.

**COUNT II—BREACH OF ORAL CONTRACT—AGAINST ALL DEFENDANTS**

32.     Plaintiff re-alleges and incorporate herein by reference each and every allegation contained in the preceding paragraphs as though fully incorporated herein and made a part hereof.

33.     The defendants promised and agreed with the plaintiff that in exchange for valuable consideration they would:

    (a)     Research and investigate plaintiff financial conditions and ability to service loan in order to determine which loan would be appropriate to her;

    (b)     Provide assistance to plaintiff in locating suitable loan;

    (c)     Explain and advise Plaintiff regarding loan products and significant terms of application for loan and the loans themselves to ensure that plaintiff obtained a suitable, appropriate and affordable loan;

    (d)     Select for plaintiff an appropriate and affordable loan and fully disclose all fees and costs of the loan selected;

    (e)     Act competently and with an appropriate level of skill while completing the tasks mentioned above;

(f)     Refrain from taking any actions or omitting to act in such a way that would harm plaintiff.

34.    Defendants breached the contract, inter alia, by failing to educate plaintiff regarding loan products by failing to disclose key terms of the loan application and loan documents by failing to inform plaintiff of the risks associated with extremely high interest loan, the risk associated with balloon payment, the risk of foreclosure and the risk that plaintiff would lose her home.

35.    Plaintiff has performed each and every covenant and condition of the agreements, as well as each and every covenant and condition of the parties agreements, except for those which defendants prevented plaintiff from performing, or which were waived or excused by defendants' breaches and other misconduct.

**COUNT III—BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING –AGAINST ALL DEFENDANTS.**

36.    Plaintiff re-alleges and incorporate herein by reference each and every allegation contained in the preceding paragraphs as though fully incorporated herein and made a part herein.

37.    All of the agreements between plaintiff and the defendants whether or al or written, contained an implied convent of good faith and fair dealing which provided that each party would deal fairly with the other, and that neither party would do anything to deprive the other party of the benefits of the agreements.

38.    Defendants breached the implied covenant of fair dealing by their conduct, including but not limited to the following:

a. Deliberately, unjustifiably and unreasonably misleading the plaintiff and closing a loan which requires payments far in excess of plaintiff's ability to pay;

b. Deliberately, unjustifiably and unreasonably misrepresenting to plaintiff the effect of pertinent provision in the loan application and loan documents so as to trick, confuse, and defraud plaintiff.

c. Deliberately, unjustifiably and unreasonably failing to adequately investigate or perform due diligence regarding plaintiff ability to pay loans;

d. Falsely professing compliance with applicable anti predatory lending and truth in lending requirements;

e. Utilizing bait and switch tactics to obtain plaintiff signature on documents she did not understand;

f. Instituting and proceeding with improper foreclosure actions, hoping that plaintiff would be unable to understand and pursue her rights or would become frustrated with pursuing his rights and abandon his claim;

g. Deliberately, unjustifiably, and unreasonably compelling plaintiff to secure attorney to obtain from defendants contractual benefits owed to her in an attempt to cause plaintiff to become frustrated and financially crippled so that she would not pursue her claims and contract rights; and,

h. Otherwise improperly taking advantage of plaintiff.

39. As a proximate result of defendant's wrongful conduct, plaintiff unknowingly executed loan documents which obligated her to loan with payments that far exceeded her gross income; suffered extreme embarrassment,

frustration, anger and emotional distress; and suffered and will continue to suffer in the future other damages, in amounts to be shown at the time of trial.

**COUNT IV. CONSPIRACY TO DEFRAUD AND TO BREACH FIDUCIARY DUTY—AGAINST ALL DEFENDANTS.**

40. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

41. Defendants entered into one or more agreements or reached understanding between and among themselves, the purpose and intent of which was to perpetrate a fraud and deceit upon plaintiff, and to breach the fiduciary duties owed to plaintiff. Specifically, defendants knowingly and willfully conspired to misrepresent and suppress facts related to their intent to obtain unwarranted fees and to orchestrate a default and foreclosure.

42. In taking the actions described herein, defendants acted with knowledge of the fraud and deceit, and of the breach of fiduciary duty that was being perpetrated upon plaintiff, knowingly participated in and/or substantially assisted the commission of fraud, deceit and the fiduciary breach described herein and were aware of their overall contribution to, and furtherance of, the fraud and breach of fiduciary duty.

43. As a direct and proximate result of the defendants conspiracy, plaintiff has been damaged in an amount to be determined at trial.

44. In doing the acts herein alleged, defendants acted fraudulently, willfully, maliciously oppressively, and with callous disregard of plaintiff, interest, and subjected plaintiff to unjust hardship, knowing that their conduct was substantially likely to vex, annoy and injury plaintiff. As a result of this conduct, plaintiff is entitled to punitive damages.

**COUNT V INTENTIONAL MISREPRESENTATION**

45.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth hereof.

46.     Defendants made the following representation to the plaintiff

    a.     That the loan application they prepared was complete and accurate.

    b.     That the loan package selected is the best in the market.

    c.     That they are the only ones who could get her the best deal.

    d.     That the loan will be easily payable.

47.     The above representation were false. The true facts were.

    a.     The loan application was fictitious papers and they actually never prepared her loan application to be submitted to any lender.

    b.     The loan selected was not the best in the market as no sane person would have a loan like this and further there was no selection or endeavor made to get her a reasonable loan.

    c.     They misled her about their role. They promised to act as her agent to get her the best loan, however realizing that the plaintiff is not sophisticated and that there was a lien free property which they could have, gave her a loan which she could never service.

    d. The loan could have never been possibly payable to as it was interest only loan, with prepayment penalty and a balloon payment of $650,000 at the end of 12th month with APR of 13.5%. The plaintiff did not have a job at that point and do not have any now.

48. When the defendants made these representations, defendants knew them to be false and the representation were made with the intent to defraud and deceive the plaintiff, and with the intent to induce plaintiff to act in the manner herein suggested.

49. Plaintiff at the time the representation were made, and at the time she took the actions herein alleged, was ignorant of the falsity of the defendants' representation and believed them to be true. In reliance on these representation, plaintiff was induced to sign loan documents without reading them and to enter into an inappropriate loan transactions containing insurmountable payments and obligations.

50. Had plaintiff known the true facts, she would not have taken such action. Plaintiff reliance on the defendants' misrepresentation was justified because of the fiduciary duty owed to her by the brokers, because of the brokers constant reassurance and because of her belief that defendant were dealing with her fairly, honestly and in good faith.

51. As a proximate result of the defendants fraud and deceit, and the facts alleged herein, plaintiff has been damaged in an amount to be proved at trial.

52. In doing the acts herein alleged, defendant and each of them, acted fraudulently, willfully, maliciously, oppressively and with callous and intentional

disregard of plaintiff's interest, and subjected plaintiff to severe and unjust hardship, knowing that their conduct was substantially likely to vex, annoy ands injure plaintiff. As a result of this conduct, plaintiff is entitled to punitive damages.

**COUNT VI--UNFAIR AND DECEPTIVE BUSINESS PRACTICES**
**N.Y. GEN. BUS. L. § 349**

53. Plaintiffs repeat and re-allege the allegations se forth in preceding paragraphs of this Complaint, as though fully set forth herein.

54. On the basis of the foregoing as delineated in preceding paragraphs, defendants have engaged and is engaging in consumer-oriented conduct which is deceptive or misleading in a material way, constituting unfair and deceptive business practices in violation of § 349 of the N.Y. General Business Law.

55. Defendants mortgage brokers and agent's false, misleading and deceptive statements and representations of fact were and are directed to consumers like the plaintiff.

56. Defendants running of mortage brokerage in the state and promising people the best of consumer loans is false, misleading and deceptive statements of fact and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

57. Defendants mortgage business to get the best loans, false, misleading and deceptive statements of fact have resulted or are likely to result in consumer

injury or harm to the public interest.

58.   As a result of defendants' unfair and deceptive business practices, Plaintiff has suffered and continue to suffer substantial injury, including irreparable injury and damages.

**COUNT VII--UNJUST ENRICMENT**

59.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth hereof.

60.   At all times material to this complaint, Defendants by their policies and action benefited from and increased their profit and personal compensation by subversively forcing an exorbitantly priced loan and taking an inequitable lien on her home.

 61.   Defendants benefitted immensely from this inequitable loan at an interest rate of 14.5% (Minimum interest payment of $7730 per month and $6,500 additional fees every month for the loan) without any benefit of reduction of the mortgage amount.  Defendants have been and continue to be unjustly enriched at plaintiff's expense, further the loan upon default becomes a usurious liability, as the interest rate crosses 16% limit.

62.   It is inequitable and unjust for the defendants to reap unauthorized profits from a loan extended in violations of State and Federal Laws and clear in violation of New York State Banking Laws ethics.

63.    Plaintiff is entitled to relief for this unjust enrichment in an amount equal to

the benefits unjustly retained by the defendants, plus interest on these amounts.

**COUNT VIII—TORT OF CONVERSION**

64. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth hereof.

65. The defendants in violations of Federal and New York States laws acquired a lien (stock reflecting ownership interest in plaintiff's home, was assigned as a collateral for the loan) on the property of the Plaintiff by virtue of deceit.

66. The continued assertion of dominion as a lienor is an wrongful exercise of dominion and deprives the plaintiff the privilege of ownership of her home.

67. The continued security interest in the stock ownership of plaintiff by the defendants is a continuation of the act of conversion and as such is unprivileged interference.

68. As a direct and proximate result of the defendants wanton and malicious act and refusal to remove the security interest, plaintiff has been damaged in an amount to be determined at trial.

**COUNT IX—FOR IMPOSITION OF CONSTRUCTIVE TRUST AGAINST ALL DEFENDANTS.**

69. Plaintiff re-alleges and incorporates by reference each and every

allegation contained in the preceding paragraphs as though fully set forth hereof.

70. By engaging the conduct alleged herein, defendants have been unjustly enriched at the expense, and to the detriment of plaintiff and her improperly obtained alleged rights, claims or interests in and to plaintiff's property.

71. Defendants should be required to disgorge the benefits which they have obtained at the expense and to the detriment of the plaintiffs and a constructive trust should be imposed thereon so that defendants, and each of them, have no legal or equitable right, claim or interest therein but, instead, defendants, and each of them are involuntary trustee holding said property, proceeds of contract, money and profits there from in constructive trust for Plaintiff with the duty to convey the same to plaintiff forthwith.

**WHEREFORE**, Plaintiffs pray for the following relief:

A. pursuant to 15 U.S.C. §§ 1635(a), 1639(j), and 1640(a):

    a. Rescission of the transaction, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed by Defendant;

    b. A declaration that the security interest in Plaintiffs' property created under the transaction is void, and an order requiring Defendants to release such security interest;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with the transaction;

      d.      Statutory damages of for TILA violations.

      e.      Additional damages pursuant to 15 U.S.C. § 1640(a)(4) in the amount of all finance charges and fees paid by Plaintiffs, for each non-disclosure violation;

      f.      An order that, because Defendants are liable for damages under State and Federal laws, Plaintiffs have no duty to tender the loan proceeds to Defendants, but in the alternative, if tender is required, a determination of the amount of the tender obligation in light of all of the Plaintiff's claims, and an order requiring the Defendant to accept tender on reasonable terms and over a reasonable period of time;

      g.      For compensatory damages in an amount to be determined at trial;

      h.      For punitive damages  on all applicable claims;

      i.      For Civil Penalities on all applicable claims as provided by law.

      j.      For an order preliminary and permanently enjoining the defendants and their representative and agents, and each of them , from engaging in unlawful, unfair and deceptive practices and ordering restitution.

i.      Actual damages in an amount to be determined at trial;

j.      An award of reasonable attorney fee and costs; and

    k. Such other relief at law or equity as this Court may deem just and proper.

Dated: June 6, 2010

Respectfully submitted,

s/*karamvir s. dahiya*

Karamvir S. Dahiya, Esq
Attorney for the Debtor
350 Broadway Suite 412
New York New York 10012
Tel: 212 766 8000