**DAHIYA LAW GROUP LLC**
**350 Broadway Suite 412**
**New York New York 10013**
**Tel: 212 766 8000**

**Kaamvir Dahiya, Esq. (KD 9738)**

**Proposed Attorneys for Debtor and Debtor in Possession**


**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
In re

                                 Case No.:
                                        1-09-51286-CEC

**IRINA CHATKHAN**
                                 **Chapter 11**

                      **Debtor.**
--------------------------------------------------------X


**APPLICATION FOR ORDER PURSUANT TO SECTION 327 AND 328 OF**
**THE BANKRUPTCY CODE AND**
**BANKRUPTCY RULE 2014 APPROVING RETENTION OF**
**DAHIYA LAW GROUP LLC AS**
**COUNSEL TO DEBTOR AND DEBTOR IN POSSESSION.**


**TO:  JUDGES OF THE UNITED STATES BANKRUPTCY COURT**
       **FOR THE EASTERN DISTRICT OF NEW YORK**

       IRINA CHATKHAN., Debtor and Debtor in possession, (sometimes

referred to as the "Debtor" or "Khan"), hereby submits this application (the

"Motion") for an order, pursuant to section 327 and 328 of title 11 of the United

States Code (the "Bankruptcy Code") and Rule 2014 of the Federal  Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to retain

Dahiya Law Group LLC. (DLG) as counsel in connection with the above-

captioned chapter 11 case.  In support of this Motion, the Debtor relies on

Affidavit of  Ms. Irina Chatkhan in Support of the Chapter 11 Petition and the

Declaration of Karamvir Dahiya in Support of the Application for Order

Approving Retention of DLG. as Counsel to Debtor and Debtor-in-Possession. In

addition, the Debtor respectfully represent as follows:

## BACKGROUND

1.    Khan is an individual bankruptcy debtor.  She had sought bankruptcy protection under Chapter 13 of the Title 11.

2.    However the debtor ows more debts than which are allowed to be restructured under Chapter 13, hence she was not qualified to continue under the said Chapter of the Bankruptcy Code. 11 USC. 109 (e)

3.    Khan is the owner of three apartments in the same building located at   1311 Bridgewater Ave. Brooklyn, New York 11235.

4.    Her husband is in the business of leasing Laundromat and however, that business was impacted owing to new Laundromat mushrooming in areas and setting up a competition with precarious cash flow.  Further, the debtor has been fraudulently slapped with very draconian loans with lien on her house. These loans are in violations of TILA and  are Usurious in nature.

5.    Perforce, Debtor filed its voluntary petition for relief under chapter 13 of the Bankruptcy Code on December 22, 2009 and the case was converted to Chapter 11 on  April 14, 2010

6.    The Debtor has been continued in the possession of its property and operation of its business as a debtor in possession, pursuant to 11 U.S.C. §§ 1108 and 1109.

7.    The Debtor's husband Leo Chatkhan is in the business of running Laundromat and is in the process of negotiating the lease terms of the said Laundromats.

8.    No committee of unsecured creditors has been appointed in this case.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this matter, pursuant to 28

U.S.C. §§ 1334 and 157. This matter is a "core proceeding" as that term is defined

by 28 U.S.C. § 157. This district is the appropriate district to consider this Motion,

pursuant to 18 U.S.C. § 1408 and 1409. The relief sought herein may be granted

under section 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014.

## RETAINING DAPC

10. The Debtor wants to retain the law firm of DLG with offices at

-350 Broadway Suite 412 New York New York 10013 as the Debtor's attorneys.

11. The Debtor believes that DLG is well versed in the law on the

matters on which it is to be retained and is qualified to perform the services needed

by the Debtor in this case.

## NO ADVERSE INTEREST, DISINTERESTEDNESS
## And Disclosure of Connection

12. DLG has informed the Debtor that in its view it:

    i. does not hold or represent an interest adverse to the Debtor's estate;

    ii. is a "disinterested person" as defined by section 101 (14), and used in section 327 (a) (as qualified by section 1107 (b) of the Bankruptcy Code; and

    iii. has not connection with the Debtor, its creditors or other parties-in-interest in this case, except as forth in the declaration of karamvir Dahiya of the firm of DLG, filed concurrently herewith.

12. After conferring with Karamvir Dahiya, the Debtor

believes that DLG does not hold or represent an adverse interest to the estate, and

are disinterested persons.  DLG has agreed that it shall not service or represent

those persons holding conflicting (against the debtor) interest in connection with

this case, nor shall such other representation adversely affect the quality of the

services which DLG shall render herein.

## SERVICES TO BE RENDERED

13. The Debtor believes it is necessary to retain DLG  to render

the  following services:

a.  The administration of this case,  and the exercise of oversight with respect to the Debtor's affairs, including all issues arising from or impacting the Debtor or this Chapter 11 Case;

b.  The preparation on behalf of the Debtor of necessary applications, motion, memoranda, orders, reports and other legal papers;

c.  Appearances in Court and at various meetings to represent the interests of the Debtor:

d.  Representing the Debtor in examining and negotiating any potential sale of the Debtor's business or refinancing of its business;

e.  Negotiating with any DIP lender, as well as creditors for the benefit of the estate;

f.  Formulating, negotiating, drafting,  and pursuit of confirmation of a plan of reorganization and matters related thereto;

g.  Such communication with creditors and others as the Debtor may consider desirable or necessary; and

h.  The performance of all other legal services for the Debtor in Connection with this chapter 11 case, as required under the Bankruptcy Code and the Bankruptcy Rules, and the performance of such other services as are in the interest of Debtor.

## TERMS OF RETENTION

14. DLG has indicated its willingness to serve as counsel to the

Debtor and to receive compensation  and reimbursement in

accordance with its standard billing practice of services rendered

and expenses incurred on behalf of the Debtor, in accordance with the provision of section 328, 330 and 331 of the Bankruptcy Code or as otherwise ordered by the Court. The firm's billing practice as summarized and agreed to herewith by the Debtor:

a. DLG shall bill the Debtor for legal services at its regular hourly rates;

b. These fees range from $75.00-$100 per hour, for clerks' and para-professionals' time, $150 to $200 per hour for associates' time, up to $300 for counsels' time and to $400 per hour for partners' time;

c. These fees are subject to change on an annual basis.

d. DLG shall also be reimbursed for its disbursements incidental to its representing the Debtor in this case.

e. Debtor's Attorneys DLG. has been paid a retainer fees of $15,000.00 by the Debtor's husbands businesses (the "Retainer").

15.    DLG's hourly billing rates for professional are not intended to cover out-of –pocket expenses and certain elements of overhead that are typically billed separately. Accordingly, DLG. regularly charges its clients for the expenses and disbursements incurred in connection with the client's case, including, inter alia, word processing, secretarial time, telecommunications, photocopying, postage and package delivery charges, court fees, transcript costs, travel expenses, expenses for "working meals" and computer aided research.

16.    DLG shall make applications for the payment and allowance of fees and disbursements, pursuant to 11 U.S.C. §§ 328, 330 and 331

and Fed. R. Bankr. P. 2016.

17.   The Debtor's husbands businesses 's had paid to DLG its initial

retainer in this case of $15,000 (the "Retainer").

18.   DLG  has explained to Ms. Irina Chatkhan husband Leo Chatkhan

that notwithstanding their paying the Retainer, DLG's allegiance

and duty is to the Debtor first and foremost.

19.   Ms. Chatkhan  understands that DLG shall not

render any services to her in connection with any other matter

without first obtaining the approval of this Court.

20.   Ms. Chatkhan understands that if she requires

individual counsel or legal representation in other case she must

retain her own separate counsel.

## WAIVER OF MEMORANDUM OF LAW

21.   This motion does not raise any novel issues of law and,

accordingly, the Debtor respectfully requests that the Court waive

the requirement contained in Rules of the Local Bankruptcy Rules

for the Eastern District of New York that a separate memorandum

of law be submitted in support of the Motion.

## NOTICE

22.   No trustee, examiner or creditors committee has been appointed in

the Debtor's Chapter 11 case.  Notice of this motion has been

provided to the Office of the United States Trustee for the Eastern

District of New York.

## **<u>NO PRIOR REQUEST</u>**

No prior application has been made for the relief sought herein.

WHEREFORE, it is respectfully requested that an order be entered

authorizing the retention of Dahiya Law Group, LLC., as the Debtor's attorneys

herein, pursuant to the terms stated herein, together with such other and further

relief as this Court deems proper.

Dated: New York,  New York
      May 3, 2010

                Irina Chatkhan


             By:  /s/ <u>IRINIA CHATKHAN</u>
                   IRINA CHATKHAN