**DAHIYA LAW GROUP LLC**
**350 Broadway Suite 412**
**New York New York 10013**
**Tel: 212 766 8000**

Kaamvir Dahiya, Esq. (KD 9738)
Proposed Attorney for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
In re

                                                Case No.:

                                                      1-09-51286-CEC

**IRINA CHATKHAN**

                                                Chapter 11

                      Debtor.
---------------------------------------------------------X

## DECLARATION IN SUPPORT OF THE DEBTOR'S MOTION TO RETAIN DAHIYA LAW GROUP LLC AS COUNSEL TO THE DEBTOR

    KARAMVIR DAHIYA, declares:

    1. I am an attorney admitted to practice law before this Court and am a member of the law firm of Dahiya Law Group LLC ("DLG"), which maintains its offices at 350 Broadway Suite 412 New York New York.

    2. I submit this declaration in support of the above-named Debtor's motion to retain DLG, as the Debtor's attorneys in this case.

    3. Neither I, DLG, nor any member or associate thereof has any known

connection with the above- named Debtor, its creditors, affiliates or any other party in interest, nor represents any interest adverse to that of the Debtor's estate in matters upon which said law firm is to be engaged, except that I, said law firm, its members, associates and counsel (i) may appear in the future in cases in which one or more of said parties or their attorneys may be involved; (ii) DLG received and will receive its initial retainer in this case from the Debtor's husband Leo Chatkhan businesses; (iii) DLG, has represented in her Chapter 13 matter and does represent the Debtor's in her instant Chapter 11 case.

**Ihe "Lar Dan" Factors**

4. I have fully disclosed to the Debtor the retention arrangement and the third party payor, Leo Chatkhan.

5. The Debtor expressly consented to the arrangement by making the motion for my firm's retention and making this arrangement to pay my fees.

6. The Debtor signed the motion.

7. The motion stated that my firm was receiving the initial retainer payments from Leo Chatkhan.

8. Neither Leo nor Irina Chatkhan has retained independent counsel for this case.

9. Other than the initial retainer, neither debtor or anyone has agreed to

nor have they been requested to pay any additional fees to me or my firm on account of services which we are rendering for the Debtor.

10. Leo Chatkhan is paying the retainer, instead of the Debtor, because the Debtor did not have the funds available to pay retainer.

11. With the additional exceptions that I and/or my firm are also taxpayers to the State of New York, City of New York and the United States Internal Revenue Service, I am unaware of other facts which otherwise create the appearance of non-disinterestedness, actual conflict, or and impermissible potential for a conflict of interest.

12. In the event that a creditor or party-in-interest of this estate is represented by the undersigned's law firm, we will not represent such creditor or party-in-interest in this case.

13. I believe that DLG is a "disinterested person" within the meaning of 11 U.S.C. §§ 101(14), 327 and 328, and neither holds nor represents an interest adverse to the Debtor or its estate on the matters on which it s to be retained.

14. I have advised the Debtor and Debtor in Possession, of DLG's willingness to serve as counsel to the Debtor herein and to accept compensation for professional services rendered and related expenses incurred in accordance with those stated in the Debtor's motion to retain DLG as its counsel herein.

15. DLG's regular hourly fees for the services to be rendered in this case

range from $75.00-$100 per hour, for clerks' and paraprofessionals' time, $150 to $250 per hour for associates' time, up to $300 for counsels' time and up to $400 per hour for partners' time.

16. This fee schedule is subject to change on an annual basis.

17. I and those attorneys of DLG's bankruptcy/creditors' rights group who will be rendering services in this case have read and are generally familiar with (i) the Bankruptcy Reform Act of 1978, as amended with further qualification owing to 'Bankruptcy Abuse Prevention and Consumer Protection Act of 2005; (ii) the Federal Rules of Bankruptcy Procedure; and (iii) the Local Rules of this Court.

18. DLG has not received any compensation to date on account of its retention by the Debtor in this case, except for $15,000.00 paid on behalf of the Debtor prior to the conversion of this case.

19. No agreement exists between DLG and any third-person for the sharing of fees in this case, except as part of the compensation packages of DLG's professional employees and counsel.

20. I declare the foregoing statements to be true and correct under penalties of perjury, pursuant to 28 U.S.C. § 1746.

Dated: New York, New York
     May 3, 2010

                                            ____/s/ Karamvir Dahiya _____
                                            Karamvir Dahiya (KD 9738)