| UNITED STATES BANKRUPTCY COURT |
| EASTERN DISTRICT OF NEW YORK |

Hearing Date: October 20, 2010 @ 3:00 p.m.

| In re:<br><br>Irina Chatkahn,<br><br>        Debtor. |

Chapter 11

Case No. 09-51286-cec

## NOTICE OF MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER, TO COMPEL DISCOVERY AND TO DENY DEBTOR'S REQUEST FOR DISCOVERY AND REQUEST FOR DISCOVERY SANCTIONS

Please take notice that Roman Narovlianski and Semyon Gutarts ("Movants"), secured creditors in the Chapter 11 case of Irina Chatkan ("Debtor"), by their attorneys, Rosenberg, Musso & Weiner, LLP, will move this Court before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11201, on October 20, 2010 at 3:00 p.m., or as soon thereafter as counsel may be heard, for an order pursuant to Federal Rule of Bankruptcy Procedure 7037 imposing sanctions on the Debtor and her husband, Leonid Chatkhan ("Leonid"), for their failure to comply with this Court's discovery order of September 9, 2010 by striking the Debtor's opposition to Movants' motion for relief from the stay and precluding the Debtor from presenting any evidence or arguments that the loan made by Movants to the Debtor was a consumer loan, awarding Movants costs and attorneys' fees, denying the Debtor's request for discovery and request for discovery sanctions, together with such other relief as is just and proper.

       PLEASE TAKE FURTHER NOTICE, that objections to the Application and/or responsive papers, if any, must be in writing, must conform to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York and must be filed on or before

October 15, 2010 with the Clerk of the Bankruptcy Court (with a copy to Chambers), and served so as to be received by the attorneys for Movants, Rosenberg, Musso & Weiner, 26 Court Street, Suite 2211, Brooklyn, New York 11242, Attention: Bruce Weiner, Esq., on or before October 15, 2010 at 3:00 p.m. Parties with legal representation shall file with the court: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-182) which may be accessed through the internet at https://ecf.nyeb.uscourts.gov and (ii) in portable document format (PDF) using Adobe Exchange software for conversion, or (b) if a party is unable to file electronically, such party shall submit the response or objection in PDF format on a diskette in an envelope with the case name, case number and title of document: or (c) if a party is unable to file electronically or use PDF format, such party shall submit the response or objection on a diskette in either Word, Word Perfect, or DOS test (ASCII) format.

Dated: Brooklyn, New York  
      September 29, 2010

ROSENBERG, MUSSO & WEINER, LLP  
Attorneys for Movants

By: _____/s/_____  
Bruce Weiner (BW 4730)  
26 Court Street, Suite 2211  
Brooklyn, New York 11242  
(718) 855-6840

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| In re:<br><br>Irina Chatkahn,<br><br>        Debtor. | Chapter 11<br>Case No. 09-51286-cec |
|---|---|

**APPLICATION IN SUPPORT OF MOTION FOR SANCTIONS
FOR FAILURE TO COMPLY WITH DISCOVERY ORDER,
AND TO DENY DEBTOR'S REQUEST FOR DISCOVERY
AND REQUEST FOR DISCOVERY SANCTIONS**

Roman Narovlianski and Semyon Gutarts ("Movants"), by their attorneys, Rosenberg Musso & Weiner, LLP, as their application in support of Movants' motion imposing sanctions on Irina Chatkhan (the "Debtor") and her husband, Leonid Chatkhan ("Leonid"), for their failure to comply with this Court's discovery order of September 9, 2010 by striking the Debtor's opposition to Movants' motion for relief from the stay and precluding the Debtor from presenting any evidence or arguments that the loan made by Movants to the Debtor was a consumer loan, granting Movants costs and attorneys fees, and denying the Debtor's request for discovery and request for discovery sanctions, states as follows:

1. By motion dated May 25, 2010, Applicant moved this Court for an order granting Applicants relief from the automatic stay. Applicants' motion came before the Court for a hearing on August 5, 2010, and at the hearing, this Court gave the parties to right to seek discovery of documents on two weeks notice, and to conduct depositions shortly thereafter. On August 9, 2010, Movants served their First Request For Production of Documents on the Debtor and Leonid. A copy of the Request is annexed as Exhibit A.

2. The Debtor and Leonid did not produce any documents within the two week period,

and Movants requested a discovery conference before the court. On August 26, 2010, this Court held the discovery conference and the attorneys for both the Debtor and Leonid attended the conference. At the conference, the attorneys for the Debtor and Leonid agreed to produce all of the requested documents on or before September 15, 2010. On September 9, 2010, this Court signed an order directing the Debtor and Leonid to produce all of the documents requested by Movants on or before September 15, 2010. A copy of that order is annexed as Exhibit B.

3. Very few of the requested documents were produced. Movants requested copies of the Debtor's 2006 through 2009 tax returns, but only 2009 was produced. Movants requested copies of all bank statements and canceled checks from any account of the Debtor or for which she was a signatory, but the Debtor failed to produce any statements or checks from accounts in her name despite the documents that were produced revealing that only a few months before Movants' loan to the Debtor $430,000 was wired to an account in her name at Chase. Movants requested copies of canceled checks from PMLD, Inc., a business whose bank accounts are controlled by Leonid, but he filed to produce checks for the period July 24, 2007 to late November 2007, knowing that the issue in this case was the Debtor's use of the money loaned by Movants in September 2007. Movants did obtain those checks from Chase by subpoena. Movants requested documents relating to the purchase of the cooperative apartment owned by the Debtor at 1311 Brightwater Avenue, Apartments I & J, Brooklyn, New York (the "Property") as well as any mortgages or security agreements relating to the Property or any other property owned by the Debtor or Leonid. None of those documents were produced. Almost none of the other documents requested by Movants were produced, including any documents that Movants' loan was a consumer and not commercial loan or any documents supporting the Debtor's claim that she needed money in 2007.

4. Although the Debtor and Leonid failed to produce most of the requested documents, Movants went forward with the scheduled depositions of the Debtor and her husband on September 23, 2010 and September 24, 2010. The depositions made it even clearer that Movants need the requested documents. The Debtor testified that she knew almost nothing about any of the transactions in question and that Leonid took care of all of their financial affairs. Leonid testified at the Debtor's 341 meeting that he purchased the Property for cash and gave it to the Debtor as a present. At his deposition he testified that he purchased the Property with funds borrowed from Jerome Giangrasso and his business associates, giving a mortgage or security interest in the Property to Giangrasso and his business associates. Jerome Giangrasso is an active lender to laundromats, which is Leonid's business. He also testified that he paid Giangrasso with the proceeds of a loan from Bill Stathakos, someone who has invested in and loaned money to Leonid's laundromat businesses, and needed to have the Debtor borrow money from Movants to pay Stathakos. No documents relating to any of those transactions were produced. The records of the State of New York and City of New York do not show any security interest in the Property by Stathakos or Giangrasso at the time Movants loaned money to the Debtor.

5. Federal Rule of Civil Procedure 37, applicable in this proceeding under Federal Rule of Bankruptcy Procedure 7037, provides in subdivision (a) that when a party fails to comply with a discovery request the other party may move to compel discovery. Movants did that by requesting the hearing on August 26, 2010, which resulted in this Court's September 9, 2010 order annexed as Exhibit B. Rule 37 provides in subdivision (b) that when a court issues an order compelling discovery and the parties against whom the order is directed fail to comply with the order, the court may impose sanctions including prohibiting the introduction of documents not produced, establishing facts that are the subject of the dispute, precluding arguments, striking

pleadings, granting judgment, and imposing costs and attorneys' fees. The Debtor and Leonid's failure to produce documents has already resulted in one postponement of the trial of this contested matter. Although Movants conducted depositions of the Debtor and Leonid, those depositions were not complete and Movants' counsel could not ask necessary questions because of the failure to produce documents. Because of the failure of the Debtor and Leonid to provide documents that go to the heart of the Debtor's opposition to Movants' motion and their failure to comply with this Court's September 9, 2010 order, Movants request that this court preclude the Debtor from introducing any evidence that Movants' loan was a consumer loan and strike the Debtor's opposition to Movants' motion. Movants also request that Court award them costs and attorneys' fees for this motion. This Court's September 9, 2010 order provides for this relief and warned the Debtor and put her on notice of the consequences of her and Leonid's failure to comply with this Court's order.

6. Movants' counsel is in receipt of the letter from Debtor's counsel dated September 29, 2010 alleging that Movants' failed to provide documents to the Debtor. The Debtor's request was served before the August 26, 2010 hearing. At the hearing, Movants' counsel discussed the request with Mr. Dahiya and pointed out to him that not only did he use the wrong caption, that of the related adversary proceeding, the request went far beyond the limited issues of the trial in this contested matter. The request includes all sources of compensation of Movants as well as Movants' personal tax returns and many other overly broad and irrelevant requests. The only issue at the trial is whether Movants' loan was a commercial or consumer loan. After the discussion between Movants' counsel and Debtor's counsel, Debtor's counsel agreed to withdraw the request in the contested matter without Movants having to serve a formal objection to the request and he agreed to serve a new request appropriate for this contested matter. That

same day, Movants' counsel confirmed this agreement in an email to counsel for both the Debtor and Leonid. A copy of that email and confirmation of deliveries is annexed as Exhibit C. No amended request has been served so there is no outstanding document request from the Debtor. Further, all, or almost all of the documents relevant to the limited issues in the trial in this contested matter or in the possession and control of the Debtor and Leonid, and as shown above, they have failed to produce most of those documents. Movants' motion and submissions in support of the motion contain all of the closing documents and checks from the closing. Movants submit that the Debtor is trying to delay these proceedings and cover up her own failure to provide discovery and failure to comply with orders of this Court. The relief requested in the September 29, 2010 letter should be denied.

**WHEREFORE**, it is respectfully requests that this Court strike the Debtor's opposition to Movants' motion for relief from the stay, preclude the Debtor from presenting any document not produced to Movants, preclude the Debtor from arguing that the loan made by Movants was a consumer loan, award Movants costs and attorneys' fees, vacate the automatic stay to permit Applicant to continue its foreclosure proceeding against the Debtor, together with such other and further relief as is just and proper.s

Dated: Brooklyn, New York
September 29, 2010

ROSENBERG, MUSSO & WEINER, LLP
Attorneys for Narovlianski and Gutarts

By: /s/
BRUCE WEINER (BW-4730)
26 Court Street, Suite 2211
Brooklyn, New York 11242
(718) 855-6840