```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
```

| In re:        | CHAPTER 11                |
|               | CASE NO. 09-51286-cec     |
| Irina Chatkhan |                          |
|               |                           |
| Debtor.       |                           |

# COUNTER-ORDER PURSUANT TO U.S.C. SECTION 363, APPROVING THE DEBTOR'S SALE OF HER THREE COOPERATIVE APARTMENTS AT 1311 BRIGHWATER AVENUE, BROOKLYN, NEW YORK

## PREAMBLE

~~This Counter-Order is submitted in response to a proposed Order received by our office on July 14, 2011 from the Debtor, Irina Chatkhan's counsel, Karamvir Dahiya, with a note requesting comments, in response to which, by our E-mail / Letter of July 14, 2011, our office proposed that the Order be amended by adding the language "and to pay from the proceeds of sale at the closing the amounts due to Tower Owners, Inc., a Cooperative Corporation, the amounts due for maintenance arrears and legal costs incurred as provided for in paragraph 28 of the Cooperative Leases for the apartments" to which Letter and proposed revision Mr. Dahiya responded by his E-mail / Letter of July 19, 2011 advising that he had already submitted his Order to the Court, without the requested language as to the maintenance arrears and legal fees, on the grounds that Tower Owners Inc. had rejected a buyer of an unnamed apartment for $1,200,000.00 at some time, presumably prior to her filing her first bankruptcy.~~ *(CEC)*

**UPON THE MOTION** (the "Motion) dated April ~~28~~ ***22*** *(CEC)*, 2011, of Irina Chatkhan (the "Debtor"), for an Order approving three contracts of sale (the "Contracts of Sale") for the Stock and Proprietary Leases appurtenant to the three Co-op apartments: 14H (Purchaser - Joan Friedman – Sales Price - $400,000.00), 14I (Purchaser – Anna Saliy – Sales Price - $624,000.00), and 18I/J (Purchaser – Alexander Dolsky – Sales Price $950,000.00) (.the "Purchasers"), which Contracts were attached to the Motion, and authorizing the Debtor to sell to the Purchasers the three Co-op apartments, according to the terms and conditions of the respective contracts of sale and upon the Affidavit of the real estate broker, Alex Bogard, filed on July 5, 2011 and his testimony before the Court on July 6, 2011 and after due consideration and sufficient cause appearing to me;

**IT APPEARING THAT** the Debtor has provided notice to all parties in interest; and

**UPON THE RECORD** of the three hearings held before me on June 15, 2011, June 29, 2011, and July 6, 2011 (the "Sale Hearings"); and

**AFTER HEARING COUNSEL** for the Debtor, counsel for the creditors asserting liens against these apartments, counsel for Tower Owners, Inc., and the U.S. Trustee, this Court finds that the Contract prices as recited in the contracts of sale are in the best interest of the Debtor and the estate; and

**AFTER DUE DELIBERATION,** the relief requested in the Motion appears reasonable and in the best interests of the Debtor and its estate and sufficient cause appears therefor; accordingly it is

**FOUND, that:**

1. The Debtor is a debtor-in-possession within the meaning of the Bankruptcy Code.

2. The Debtor is the owner of the three Co-op apartments and is authorized to sell the Stock and Proprietary Leases appurtenant to the three Co-op apartments.

3. Proper, timely adequate and sufficient notice of the Motion and the sale hearings on the requested relief set forth above has been provided in accordance with sections 363(b) and 363(f) of the Bankruptcy Code, Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, as evidenced by the affidavits of service filed with the Clerk of this Court and no other or further notice of the Motion, Sale Hearings, or the entry of this Order is necessary.

4. Based on the evidence at the Sale Hearings, the Contracts of Sale have been negotiated in good faith by and between the Debtor, her agents and the Purchasers.

5. The Debtor has advanced sound business reasons for seeking to sell the three Co-op apartments, as set forth in the Motion, and it is a reasonable exercise of the Debtor's business judgment to enter into the Contracts of Sale and to execute, deliver and perform its obligations thereunder as determined at the Sale Hearings.

6. There is no evidence before the Court that the transaction contemplated by the Contracts of Sale is not in the best interests of the estate.

7. It is in the best interest of the Debtor's estate and its creditors for the Debtor to sell the three Co-op apartments pursuant to the Contracts of Sale.

8. The Debtor submitted the Contracts of Sale to this Court for approval.

9.	Based on the evidence at the Sale Hearings, Purchasers are purchasers acting in good faith as such term is used in the Bankruptcy Code and are entitled to the protection set forth in section 363(m) of the Bankruptcy Code if they consummate the purchases of the three Co-op apartments in accordance with this Order and the Contracts of Sale.

**ACCORDINGLY, IT IS:**

**ORDERED,** that the Motion is granted and pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, and for the total consideration provided for under the three Contract of Sale (and pursuant to the terms and provisions thereof), the Debtor is authorized and directed to sell and transfer the three Co-op apartments to the three Purchasers upon the terms and subject to the conditions set forth in the Contracts of Sale; and it is further

**ORDERED,** that the terms, conditions and provisions of the Contracts of Sale are approved; and it is further

**ORDERED,** that pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, the three Co-op apartments ~~shall~~ ***may (CEC)*** be sold and transferred to the three Purchasers, at closings in the offices of the attorneys for Tower Owners, Inc., The Abramson Law Group, at which closings the secured liens of Tower Owners Inc. for maintenance arrears ~~and legal costs~~ ***(CEC)***, as referenced in the Amended Proof of Claim filed on June 28, 2011, will be paid by a bank or certified check prior to the cancellation of the three Stock Certificates and Proprietary Leases appurtenant to the three Co-op apartments in the name of Irina Chatkhan, free and clear of any liens, encumbrances, claims, and interests, whether or not allowable, security interests, charges, and any interest in such three Co-op apartments of an entity other than the Debtor's estate, other than as set forth in the three Contracts of Sale (collectively, the "Encumbrances"), whether arising prior or subsequent to the commencement of this case, with all Encumbrances, if any, to attach to the proceeds of the Sale with the same priority and rights as they may have had prior to the Sales and closings; and it is further

***ORDERED, that allowance and payment of any legal fees and costs to Tower Owners, Inc., shall be subject to further order of this Court; and it is further (CEC)***

**ORDERED,** that all of the funds remaining from the sale of the three Co-op apartments, after payment of the Tower Owners Inc. secured liens for maintenance arrears and legal expenses attributable to the three Co-op apartments and all transfer taxes and necessary closing expenses, shall be held by the debtor's attorney, Karamvir Dahiya, in escrow pending further Order of this Court;

**ORDERED,** that the provisions of this Order shall be self-executing, and neither the Debtor nor the Purchasers, except as required by Tower Owners Inc. to effect the transfer of the three Co-op apartments, shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement

the foregoing provisions hereof; provided, however, that this decretal paragraph shall not excuse such parties performing any and all of their respective obligations under the Contracts of Sale; and it is further

**ORDERED,** that each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments, necessary and appropriate to consummate the transactions contemplated by the three Contracts of Sale; and it is further

**ORDERED,** that this Order shall be binding upon, and inure to the benefit of the Debtor, the Purchasers, and their respective assigns; and it is further

**ORDERED,** that the Purchasers shall be entitled to the protection of section 363(m) of the Bankruptcy Code with respect to the sale of the three Co-op apartments approved and authorized herein in the event this Order or any authorization contained herein is reversed or modified on appeal; and it is further

**ORDERED,** that this Court shall retain jurisdiction over the Debtor and over the implementation of and enforcement of the provisions of this Order and of the three Contracts of Sale, but this Court shall not have any jurisdiction over any dispute that may arise with respect to the three Co-op apartments after title to the three Co-op apartments is transferred by Debtor to the Purchasers; and it is further

**ORDERED,** that the Debtor and its representatives are authorized to execute and deliver such other documents and instruments, and take such other actions as may be necessary to implement, effectuate and consummate the three Contracts of Sale and any other related documents, and the transactions contemplated thereby.



**Dated: Brooklyn, New York**
**August 5, 2011**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**